### HENRY O'HARA v. LEON HAAS.

1. MORTGAGE—RIGHT OF PAYEE OF NOTE, WHO INDORSED IT AND AFTER-
WARD TOOK IT UP, TO ENFORCE MORTGAGE EXECUTED TO INDORSEE, WHILE
HE HELD IT, TO SECURE IT.—The payee of a promissory note, who transferred
it by indorsement, and afterward, on failure of payment by the maker, was
compelled to take it up, is entitled to enforce a mortgage executed by the
maker to the indorsee while he held the note to secure it.

APPEAL from the chancery court of Lincoln county. PEYTON, Chancellor.

The opinion of the court states the facts.

*H. Cassedy, Jr.*, for appellant.

*Chisman & Thompson*, for appellee.

TARBELL, J. :

This is an appeal from the chancery court of Lincoln county. Stripped of extraneous matters, the proceeding is for the foreclosure of a mortgage upon real estate, and for a sale of the mortgaged premises. Counsel for complainant, in the preparation of his bill, introduced a narration of the facts leading to the execution of the mortgage, partly, as we infer, by way of showing the consideration of the mortgage, but mainly, as we judge, from the contents of the complaint, to explain, by facts and averments, certain discrepancies in dates, amounts and parties appearing upon the face of the papers. To the complaint the respondent interposed a demurrer, specifying the following causes : "1st. There is no such contract of sale shown by the bill as the law will enforce ; 2d. There is no consideration shown for either of the notes or mortgage ; 3d. It is not shown that any written memorandum of the sale was signed and delivered by the party, to be charged thereby to the defendant ; 4th. There is no equity on the face of the bill."

The demurrer was overruled, with leave to defendant to answer within thirty days. From this decree the respondent appealed, and assigns for error the decree overruling the demurrer. The propriety of the demurrer is tested by an analysis of the bill, the statements and averments of which, admitted by the demurrer, are substantially these :

That on the 17th day of July, 1869, complainant, by L. Alcus & Co., his agents, entered into an agreement with Leon Haas, defendant, for a sale to him of a certain lot of

land, situated in Brookhaven, and particularly described in
the agreement and bill of complaint, which agreement was
in writing, and shows that, on payment of $700, by Nov. 1,
1869, and the execution of his two promissory notes for
$1,000, payable, respectively, Nov. 1, 1870, and Nov. 1, 1871,
with interest, at eight per cent, and to be sufficiently secured
on property, the complainant was to make title to said
lands; that, upon the execution of said agreement, the com-
plainant delivered the possession of said property to the
defendant, who entered thereupon and still holds possession
of the same; that, before the commencement of this suit, the
complainant tendered to the defendant a good and sufficient
deed, with full covenants of warranty of said lands, such
tender being accompanied with a demand, by the complain-
ant, upon the defendant, of performance of his part of said
agreement by the latter; that the defendant paid the $700
and executed the two promissory notes, as stipulated, but
failed to secure their payment; that said notes include
accrued interest up to the time of their execution, making
an apparent discrepancy, but the notes executed and filed
as exhibits are the same as those referred to in the agree-
ment, with the interest included; that these notes were
transferred by complainant, to Lehman, Newgass & Co., a
mercantile firm of New Orleans, La., for a debt due to said
firm by complainant; that, while said notes were held by
Lehman, Newgass & Co., the defendant executed a mortgage
deed to them, to secure the payment of the first of said
notes, conveying, by said deed, certain lands described in
the bill; that the condition of said mortgage was long since
forfeited, and the note remains unpaid; that complainant
was compelled to take up said note of Lehman, Newgass
& Co., being an indorser thereon, and is now the holder
and owner of the note and security, wherefore the com-
plainant prays for the foreclosure of said mortgage and the
sale of the property for the payment of said first note,
together with a prayer for an account, decree of sale, gene-
ral relief, etc.

The deed of mortgage exhibited with the bill is under seal. It is duly acknowledged and otherwise in proper form. The consideration is stated therein to be one dollar, "together with the further consideration that the said O'Hara is indebted to the said Lehman, Newgass & Co. in the sum of $1,093 33, evidenced by a certain promissory note, executed by him on the 13th day of September, 1869, and made payable to Leon Haas or order or bearer on the 1st day of November, 1870." The note is also made an exhibit, and the bill, by suitable averments, explains the origin and consideration of the note, accounts for the slight discrepancies appearing upon the face of the note, with reference to the date and amount provided for in the contract, and accounts for the execution of the mortgage, which appears to have been voluntary, and acknowledges suitable consideration.

Counsel for appellant assumes this to be a proceeding to enforce specific performance of the contract referred to in the bill ; and has submitted an elaborate and labored argument, devoted to a discussion of the validity of the contract of sale of the real estate set out in the bill of complaint and filed therewith as an exhibit, as effected by the statute of frauds. Such is not the purport, scope or prayer of the bill. Characterizing this action as one for specific performance, counsel assails the contract on various grounds, which we do not think available upon the case made by the bill. The facts set out seem to be such as, in the judgment of the counsel for the complainant, were necessary to show the origin, consideration and execution of the mortgage deed, the foreclosure of which is the object of the complaint.

Of the opinion that the points made by the demurrer are not well taken, we affirm the decree overruling the demurrer, with leave to defendant to answer within thirty days from this date.

*Ordered accordingly.*